Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARTURO DANIEL MIRANDA, ALFONSO VERA RODAS,
MIGUEL GARCIA, and DANIEL GRANDE NETZAHUATL,
individually and on behalf of all others similarly situated,

                                Plaintiffs,

                -against-

GRACE FARMS, INC. D/B/A CITY CAFÉ, UNAK GROCERY
CORP. D/B/A LIBERTY CAFÉ, RAJNI SINGHAL, and VIVEK
SINGHAL, as individuals,

                              Defendants.
-------------------------------------------------------------------X

**COLLECTIVE
ACTION
COMPLAINT**

JURY TRIAL
DEMANDED

1. Plaintiffs, **ARTURO DANIEL MIRANDA, ALFONSO VERA RODAS, MIGUEL GARCIA, and DANIEL GRANDE NETZAHUATL, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiffs, **ARTURO DANIEL MIRANDA, ALFONSO VERA RODAS, MIGUEL GARCIA, and DANIEL GRANDE NETZAHUATL, individually and on behalf of all others similarly situated**, bring this action against **GRACE FARMS, INC. D/B/A CITY CAFÉ, UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ, RAJNI SINGHAL, and VIVEK SINGHAL, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime, arising out of Plaintiffs' employment at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036.

1

3.  Plaintiff **ARTURO DANIEL MIRANDA** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 as a grill worker, deli worker, and performing other miscellaneous tasks from in or around 2001 until in or around April 2011, in or around October 2012 until in or around April 2013, and in or around February 2014 until in or around November 2015.

4.  Plaintiff **ALFONSO VERA RODAS** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 as a coffee maker, salad preparer, bagel maker, deli worker, cashier and performing other miscellaneous tasks from in or around 2004 until in or around November 2011.

5.  Plaintiff **MIGUEL GARCIA** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 as a deli worker, cashier and performing other miscellaneous tasks from in or around 2005 until in or around August 2010.

6.  Plaintiff **DANIEL GRANDE NETZAHUATL** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 as a sandwich maker, deli worker, grill worker and performing other miscellaneous tasks from in or around November 2010 until in or around August 2015.

7.  As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331.

9.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

12. Plaintiff **ARTURO DANIEL MIRANDA,** residing at 1126 Carroll Place, Bronx, NY, and was employed by Defendants at CITY CAFÉ and LIBERTY CAFÉ from in or around 2001 until in or around April 2011, in or around October 2012 until in or around April 2013, and in or around February 2014 until in or around November 2015.

13. Plaintiff **ALFONSO VERA RODAS,** residing at 5069 42nd Street, Long Island city, NY 11104, and was employed by Defendants at CITY CAFÉ and LIBERTY CAFÉ from in or around 2004 until in or around November 2011.

14. Plaintiff **MIGUEL GARCIA,** residing at 1265 Willoughby Avenue, Brooklyn, NY 11237, and was employed by Defendants at CITY CAFÉ and LIBERTY CAFÉ from in or around 2005 until in or around August 2010.

15. Plaintiff **DANIEL GRANDE NETZAHUATL,** residing at 4014 Warren Street, Queens, NY, was employed by Defendants at CITY CAFÉ and LIBERTY CAFÉ from in or around November 2010 until in or around August 2015.

16. Upon information and belief, Defendant, GRACE FARMS, INC. D/B/A CITY CAFÉ, is a corporation organized under the laws of New York with a principal executive office at 35 West 43rd Street, New York, NY 10036.

17. Upon information and belief, Defendant, GRACE FARMS, INC. D/B/A CITY CAFÉ, is a corporation authorized to do business under the laws of New York.

18. Upon information and belief, Defendant RAJNI SINGHAL owns and/or operates GRACE FARMS, INC. D/B/A CITY CAFÉ.

19. Upon information and belief, Defendant RAJNI SINGHAL manages GRACE FARMS, INC. D/B/A CITY CAFÉ.

20. Upon information and belief, Defendant RAJNI SINGHAL is the Chairman of the Board of GRACE FARMS, INC. D/B/A CITY CAFÉ.

21. Upon information and belief, Defendant RAJNI SINGHAL is the Chief Executive Officer of GRACE FARMS, INC. D/B/A CITY CAFÉ.

22. Upon information and belief, Defendant RAJNI SINGHAL is an agent of GRACE FARMS, INC. D/B/A CITY CAFÉ.

23. Upon information and belief, Defendant RAJNI SINGHAL has power over personnel decisions at GRACE FARMS, INC. D/B/A CITY CAFÉ.

24. Upon information and belief, Defendant RAJNI SINGHAL has power over payroll decisions at GRACE FARMS, INC. D/B/A CITY CAFÉ.

25. Defendant RAJNI SINGHAL has the power to hire and fire employees at GRACE FARMS, INC. D/B/A CITY CAFÉ, establish and pay their wages, set their work schedule, and maintains their employment records.

26. Upon information and belief, Defendant VIVEK SINGHAL owns and/or operates GRACE FARMS, INC. D/B/A CITY CAFÉ.

27. Upon information and belief, Defendant VIVEK SINGHAL manages GRACE FARMS, INC. D/B/A CITY CAFÉ.

28. Upon information and belief, Defendant VIVEK SINGHAL is the Chairman of the Board of GRACE FARMS, INC. D/B/A CITY CAFÉ.

29. Upon information and belief, Defendant VIVEK SINGHAL is the Chief Executive Officer of GRACE FARMS, INC. D/B/A CITY CAFÉ.

30. Upon information and belief, Defendant VIVEK SINGHAL is an agent of GRACE FARMS, INC. D/B/A CITY CAFÉ.

31. Upon information and belief, Defendant VIVEK SINGHAL has power over personnel decisions at GRACE FARMS, INC. D/B/A CITY CAFÉ.

32. Upon information and belief, Defendant VIVEK SINGHAL has power over payroll decisions at GRACE FARMS, INC. D/B/A CITY CAFÉ.

33. Defendant VIVEK SINGHAL has the power to hire and fire employees at GRACE FARMS, INC. D/B/A CITY CAFÉ, establish and pay their wages, set their work schedule, and maintains their employment records.

34. Upon information and belief, Defendant, UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ, is a corporation organized under the laws of New York with a principal executive office at 37 West 43rd Street, New York, NY 10036.

35. Upon information and belief, Defendant, UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ, is a corporation authorized to do business under the laws of New York.

36. Upon information and belief, Defendant RAJNI SINGHAL owns and/or operates UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

37. Upon information and belief, Defendant RAJNI SINGHAL manages UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

38. Upon information and belief, Defendant RAJNI SINGHAL is the Chairman of the Board of UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

39. Upon information and belief, Defendant RAJNI SINGHAL is the Chief Executive Officer of UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

40. Upon information and belief, Defendant RAJNI SINGHAL is an agent of UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

41. Upon information and belief, Defendant RAJNI SINGHAL has power over personnel decisions at UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

42. Upon information and belief, Defendant RAJNI SINGHAL has power over payroll decisions at UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

43. Defendant RAJNI SINGHAL has the power to hire and fire employees at UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ, establish and pay their wages, set their work schedule, and maintains their employment records.

44. Upon information and belief, Defendant VIVEK SINGHAL owns and/or operates UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

45. Upon information and belief, Defendant VIVEK SINGHAL manages UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

46. Upon information and belief, Defendant VIVEK SINGHAL is the Chairman of the Board of UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

47. Upon information and belief, Defendant VIVEK SINGHAL is the Chief Executive Officer of UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

48. Upon information and belief, Defendant VIVEK SINGHAL is an agent of UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

49. Upon information and belief, Defendant VIVEK SINGHAL has power over personnel decisions at UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

50. Upon information and belief, Defendant VIVEK SINGHAL has power over payroll decisions at UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ.

51. Defendant VIVEK SINGHAL has the power to hire and fire employees at UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ, establish and pay their wages, set their work schedule, and maintains their employment records.

52. During all relevant times herein, Defendant RAJNI SINGHAL was Plaintiffs' employer within the meaning of the FLSA and NYLL.

53. During all relevant times herein, Defendant VIVEK SINGHAL was Plaintiffs' employer within the meaning of the FLSA and NYLL.

54. Defendants have employed and are employing employees in workweeks at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. These goods include, but are not limited to, food and ingredients.

55. On information and belief, GRACE FARMS, INC. D/B/A CITY CAFÉ is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

56. On information and belief, UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

57. Upon information and belief, Defendants RAJNI SINGHAL and VIVEK SINGHAL own two deli type cafes located next to each other in Manhattan, New York.

58. Upon information and belief, Defendants direct employees, inclusive of Plaintiffs to work in either café depending on which location needs them more that day.

59. Upon information and belief, Plaintiffs, and other such similarly situated employees worked at both City Cafe and Liberty Cafe locations.

60. Plaintiff **ARTURO DANIEL MIRANDA** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 from in or around 2001 until in or around April 2011, in or around October 2012 until in or around April 2013, and in or around February 2014 until in or around November 2015.

61. During Plaintiff's **ARTURO DANIEL MIRANDA** employment by Defendants at CITY CAFÉ and LIBERTY CAFÉ, Plaintiff's primary duties were as a grill worker, deli worker, and performing other miscellaneous tasks.

62. Plaintiff **ARTURO DANIEL MIRANDA** was paid by Defendants approximately $10 per hour from in or around 2009 until in or around 2013, and approximately $12 per hour from in or around 2013 until in or around 2015.

63. Although Plaintiff **ARTURO DANIEL MIRANDA** worked approximately 57 (fifty seven) hours or more per week throughout his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

64. Plaintiff **ALFONSO VERA RODAS** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 from in or around 2004 until in or around November 2011.

65. During Plaintiff's **ALFONSO VERA RODAS** employment by Defendants at CITY CAFÉ and LIBERTY CAFÉ, Plaintiff's primary duties were as a coffee maker, salad preparer, bagel maker, deli worker, cashier and performing other miscellaneous tasks.

66. Plaintiff **ALFONSO VERA RODAS** was paid by Defendants approximately $400 per week, which equates to approximately $10 per hour throughout his employment with the Defendants.

67. Although Plaintiff **ALFONSO VERA RODAS** worked approximately 52.5 (fifty-two and a half) hours or more per week during the period of his employment by Defendants from in or 2004 until in or around November 30, 2011, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

68. Furthermore, Plaintiff **ALFONSO VERA RODAS** worked approximately ten and a half (10.5) hours per day, five (5) days a week throughout his employment, and Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

69. Plaintiff **MIGUEL GARCIA** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 from in or around 2005 until in or around August 2010.

70. During Plaintiff's **MIGUEL GARCIA** employment by Defendants at CITY CAFÉ and LIBERTY CAFÉ, Plaintiff's primary duties were as a deli worker, cashier and performing other miscellaneous tasks.

71. Plaintiff **MIGUEL GARCIA** was paid by Defendants approximately $500 per week, which equates to approximately $12.50 per hour from in or around 2005 until in or around August 2010.

72. Although Plaintiff **MIGUEL GARCIA** worked approximately 67.5 (sixty-seven and a half) hours or more per week from in or around 2005 until in or around August 2010, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

73. Furthermore, Plaintiff **MIGUEL GARCIA** worked approximately thirteen and a half (13.5) hours per day, five (5) days a week at CITY CAFÉ and LIBERTY CAFÉ, and Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum

wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

74. Plaintiff **DANIEL GRANDE NETZAHUATL** was employed by Defendants at CITY CAFÉ located at 35 W. 43rd Street, New York, New York 10036 and at LIBERTY CAFÉ located at 37 W. 43rd Street, New York, NY 10036 from in or around November 2010 until in or around August 2015.

75. During Plaintiff's **DANIEL GRANDE NETZAHUATL** employment by Defendants at CITY CAFÉ and LIBERTY CAFÉ, Plaintiff's primary duties were as a sandwich maker, deli worker, grill worker and performing other miscellaneous tasks.

76. Plaintiff **DANIEL GRANDE NETZAHUATL** was paid by Defendants approximately $400 per week from in or around November 2010 until in or around December 2013, and approximately $500 per week from in or around January 2014 until in or around August 2015, which equates to approximately $10 per hour and $12.50 per hour respectively.

77. Although Plaintiff **DANIEL GRANDE NETZAHUATL** worked approximately 57.5 (fifty-seven and a half) hours or more per week from in or around November 2010 until in or around August 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

78. Furthermore, Plaintiff **DANIEL GRANDE NETZAHUATL** worked approximately eleven and a half (11.5) hours per day, five (5) days a week at CITY CAFÉ and LIBERTY CAFÉ, and Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

79. Additionally, Plaintiff **DANIEL GRANDE NETZAHUATL** was not paid for three days of work in approximately August 2015.

80. Defendants also failed to pay for approximately 3-4 hours each week to Plaintiff **DANIEL GRANDE NETZAHUATL** from in or around 2010 until the end of his employment in or around August 2015.

81. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

82. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

83. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

84. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

85. Collective Class: All persons who are or have been employed by the Defendants as grill workers, cooks, food preparers, deli workers, coffee makers, bagel makers, salad preparers, cashier personnel, cleaners, dishwashers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages, overtime wages, and spread of hours compensation.

86. Upon information and belief, Defendants employed between 10 and 20 employees within the past three years subjected to similar payment structures.

87. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

88. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than 10 hours in one workday without appropriate an extra hour of minimum wage.

89. Defendants' unlawful conduct has been widespread, repeated, and consistent.

90. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

91. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class did not receive spread of hours pursuant to the NYLL.

92. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

93. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime compensation in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

94. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

95. The claims of Plaintiffs are typical of the claims of the putative class.

96. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

97. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

98. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

99. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

100.   At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

11

101.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

102.    Defendants willfuffly failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

103.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

104.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

105.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

107.    Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

108.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

109.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

110.    Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

111.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

112.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

113.    Defendants willfully failed to pay Plaintiff **DANIEL GRANDE NETZAHUATL** his wages for all hours he worked.

114.    Defendants willfully failed to pay Plaintiff **DANIEL GRANDE NETZAHUATL** three days of wages.

115.    Defendants also failed to pay for approximately 3-4 hours each week to Plaintiff **DANIEL GRANDE NETZAHUATL** from in or around 2010 until the end of his employment in or around August 2015.

116.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

117.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C.  §216(b).

### FIFTH CAUSE OF ACTION

#### Unpaid Wages Under New York Labor Law

118.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

119.   Defendants willfully failed to pay Plaintiff **DANIEL GRANDE NETZAHUATL** his wages for all hours he worked.

120.   Defendants willfully failed to pay Plaintiff **DANIEL GRANDE NETZAHUATL** three days of wages.

121.   Defendants also failed to pay for approximately 3-4 hours each week to Plaintiff **DANIEL GRANDE NETZAHUATL** from in or around 2010 until the end of his employment in or around August 2015.

122.   Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an amount equal to one-quarter of his unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### SIXTH CAUSE OF ACTION

#### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

123.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

124.   Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

125.   Defendants are liable to Plaintiffs in the amount of $2,500.00 together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

#### Violation of the Wage Statement Requirements of the New York Labor Law

126.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

127.  Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

128.  Defendants are liable to Plaintiffs in the amount of $2,500.00 together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**Wherefore,** Plaintiffs respectfully requests that judgment be granted:

a.  Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.  Awarding Plaintiffs unpaid overtime wages;

c.  Awarding Plaintiffs unpaid spread of hours wages;

d.  Awarding Plaintiffs unpaid wages;

e.  Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f.  Awarding Plaintiffs prejudgment and post-judgment interest;

g.  Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

h.  Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 23rd day of February of 2016.

By: __/s/ Helen F. Dalton_____
Helen F. Dalton (HD 3231)
Roman Avshalumov (RA 5508)
Puja Sharma (PS 5933)

Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTURO DANIEL MIRANDA, ALFONSO VERA RODAS, MIGUEL GARCIA, and DANIEL GRANDE NETZAHUATL, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

GRACE FARMS, INC. D/B/A CITY CAFÉ, UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ, RAJNI SINGHAL, and VIVEK SINGHAL, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**GRACE FARMS, INC. D/B/A CITY CAFÉ**
35 West 43rd Street
New York, NY 10036

**UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ**
37 West 43rd Street
New York, NY 10036

**RAJNI SINGHAL**
35 West 43rd Street
New York, NY 10036

**VIVEK SINGHAL**
37 West 43rd Street
New York, NY 10036