UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ARTURO DANIEL MIRANDA, ALFONSO VERA RODAS, MIGUEL GARCIA, and DANIEL GRANDE NETZAHUATL, *individually and on behalf of all other similarly situated*,

       Plaintiffs,

 -against-

GRACE FARMS, INC., (d/b/a CITY CAFÉ, UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ), and VIVEK SINGHAL, *as individuals*,

       Defendants.

Docket No.:
16 Civ. 01369 (VSB)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AYDE MENA AMARO, ENRIQUE SANCHEZ VIELMA, IRVING RAMOS FRANCO, MIGUEL RIVERA, and PAULINO RAMALES BRAVO (a.k.a PAUL ESTRADA),

       Plaintiffs,

 -against-

UNAK GROCERY CORP. (d/b/a LIBERTY CAFÉ), LIBERTY FOOD & GROCERY CORP INC., (d/b/a LIBERTY CAFÉ), GRACE FARMS, INC. (d/b/a CITY CAFÉ) and VIVEK SINGHAL,

       Defendants.

Docket No.:
16 Civ 07704 (VSB)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## AFFIDAVIT PURUSANT TO LOCAL CIVIL RULE 1.4

1. I am an attorney admitted to practice before the courts of the State of New York and the United States District Court for the Southern District of New York. I am associated with Kane Kessler, P.C. which has never represented any of the Defendants.

2. I respectfully submit this affidavit, pursuant to Local Civil Rule 1.4 of the United States District Courts for the Southern and Eastern District of New York, in support of the instant motion to withdraw as counsel of record for all Defendants, UNAK GROCERY, CORP., (d/b/a LIBERTY CAFÉ), LIBERTY FOOD & GROCERY CORP INC. (d/b/a LIBERTY CAFÉ), GRACE FARMS, INC., (d/b/a CITY CAFÉ), and VIVEK SINGHAL ("Defendants"), in the above-captioned case.

3. Discovery was completed in 2017. On July 11, 2018 (DE #87) the undersigned filed a motion to withdraw as counsel due to irreconcilable differences with Defendants for reasons related to settlement posture and trial strategy.

4. On July 12, 2018, Your Honor ordered the submission of a sealed affidavit outlining the precise details and nature of the irreconcilable differences between Defendants and Counsel (DE #89). The sealed affidavit was submitted on July 13, 2018 (DE #90).

5. Following the sealed submission, on July 13, 2018, Your Honor directed that Counsel for all parties, along with individual Defendant Vivek Singhal, appear for a conference on July 18, 2018 (DE # 91).

6. During this conference, the parties reached a settlement in principal and Your Honor ordered the parties to file a settlement term sheet and a joint letter to ensure the settlement reflected a fair and reasonable compromise of the disputed issues. At the Court's request, for purposes of finalizing the settlement agreement, the undersigned withdrew the motion to withdraw as counsel (DE # 92).

7.      On July 26, 2018 (DE #94), Michael Faillace,[1] counsel for Consolidated Plaintiffs submitted the first request for settlement approval (DE # 94), which was rejected by Your Honor on May 28, 2019 (DE #99).

8.      Subsequently, on or about May 24, 2019, I left Ford Harrison, the law firm representing the Defendants.

9.      On April 29, 2020 (DE #100), James O'Donnell, counsel for Plaintiffs, filed a second motion for settlement approval (DE #100), which was again rejected by Your Honor on October 15, 2020 (DE #104). The parties were directed to submit revised proposed settlement agreements with a motion for settlement approval.

10.     More than a year ago, on December 22, 2020, James O'Donnell, counsel for Plaintiffs, filed a third motion for settlement approval (DE # 105), which was yet again rejected by Your Honor on May 31, 2022 (DE #108).

11.     The undersigned now re-submits the application to withdraw as counsel.

12.     Four years ago, this Court agreed that irreconcilable differences existed between the undersigned and the Defendants. The undersigned had agreed to withdraw the prior motion and remain as counsel for the sole purpose of finalizing the settlement agreement. I never anticipated that this matter would remain unresolved at this stage. Given that I am no longer employed by the firm representing them or in contact with the Defendants, and given the acrimonious status of our relationship when I was last in contact with them in 2018, my continued representation or participation in this case is untenable.

---

[1] Michael Faillace, counsel for Consolidated Plaintiffs Ayde Mena Amaro, Enrique Sanchez Vielma, Irving Ramos Franco and Miguel Rivera was removed as counsel on November 8, 2021 (DE # 107), as was his associate, Sara Isaacson on February 20, 2019. Helen Dalton, who is still listed as counsel of record for the Plaintiffs, died on December 26th, 2018.

13. With the passage of time, the attorney-client relationship between myself and the Defendants has been entirely severed. Since the execution of the original Settlement Agreement in July 2018, the undersigned has had no contact at all with Defendants.[2] Additionally, the undersigned no longer possesses a phone number or email address to communicate with Defendants. The only means of possible communication would be contacting Defendants at the last known address of 35 West 43rd Street, New York, New York 10036.

14. "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client,'" *United States v. Lawrence Aviation Industries*,…2011 U.S. Dist. LEXIS 13777… (S.D.N.Y. May 26, 1999)); *see also Munoz v. City of New York*,…2008 U.S. Dist. LEXIS 55298…(.S.D.N.Y July 15, 2008) ('The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the form firm and the plaintiff.')." *Wilson v. Pasquale's DaMarino's, Inc*., 2013 U.S. Dist. LEXIS 41733, *25-26 (S.D.N.Y. Mar 24, 2013) (Gardephe, J.) (string citations omitted).

15. Kane Kessler, P.C., which has never been retained by the Defendants, will not be asserting any charging liens.

16. Wherefore, the undersigned counsel respectfully requests that Your Honor grant the instant motion to withdraw as counsel and terminate my appearance on this docket.

---

[2] Further, upon information and belief, the last remaining counsel of record for the Consolidated Plaintiffs, Gerrald Ellis, also no longer represents his clients, given that he is currently registered with the Office of Court Administration as employed by the New York State Housing Finance Agency.

4

I certify that the foregoing is true, under penalty of perjury, pursuant to 28 U.S.C §1746.

Executed this 1st day of June, 2022
New York, New York

*Valerie K. Ferrier*
Valerie K. Ferrier, Esq.