# Helen F. Dalton & Associates, P.C.

ATTORNEYS AT LAW

69-12 Austin Street, Forest Hills, NY 11375 • Tel.: 718-263-9591 • Fax: 718-263-9598

July 26, 2018

**Via ECF**
The Honorable District Judge Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

Re: **Miranda, et al. v. Grace Farms Inc., et al.**
**Docket No.: 16-CV-1369 (VSB)**

Dear Judge Broderick:

We represent the Plaintiffs, ARTURO DANIEL MIRANDA, ALFONSO VERA RODAS, MIGUEL GARCIA, and DANIEL GRANDE NETZAHUATL, in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, fully executed by the parties, is attached hereto as Exhibit A. The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter. As such, we respectfully request the Court approve and So Order the Settlement Agreement.

The parties believe that this Agreement is fair and reasonable under the Fair Labor Standards Act ("FLSA") and satisfy the five (5) factors identified in Beckert v. Rubinov, No. 15-CV-1951, 2015 WL 6503832, at *1 (S.D.N.Y. October 2015). The parties address each of these factors separately:

**1. The Plaintiffs' Range of Possible Recovery.**

The parties have agreed to settle this matter for $80,000.00. Plaintiffs' calculations reveal that Plaintiffs believe they were owed approximately $146,531.83 in unpaid, not including liquidated damages and statutory penalties. The settlement amount falls squarely in the range of possible recovery for Plaintiffs, who could have also lost at trial and not recovered anything. Additionally, Defendants made an offer of judgment in the amount of $70,000.00, which also factored into Plaintiffs' decision to settle.

## 2. The Extent to Which 'the Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses in Establishing Their Respective Claims and Defenses."

Although the parties completed discovery and were preparing for trial, the settlement still enables the parties to avoid the enormous burden and expenses of conducting the trial. As this matter was to be tried with 16-CV-7704, the trial could have lasted over a week as there are a combined nine Plaintiffs (four of whom are part of this settlement). Plaintiffs would have needed to spend multiple days preparing for trial and at least a week conducting a trial. Each Plaintiff would have needed to take multiple days off from their current jobs and Plaintiffs would have incurred significant expenses preparing exhibits for trial and hiring court-licensed translators for each Plaintiff.

## 3. The Seriousness of the Litigation Risks Faced by the Parties

Although Plaintiffs were confident that they could succeed on all their claims, Plaintiffs recognized the seriousness of losing at trial compounded by the fact that they would have to pay Defendants' attorneys' fees in the event of a recovery of less than $70,000.00. The seriousness of this risk favored the settlement.

## 4. Whether 'the Settlement Agreement is the product of arm's length bargaining between experienced counsel.'

The parties engaged in extensive back-and-forth settlement talks for approximately six months since the close of discovery in this matter. Plaintiffs are represented by counsel who specialize in wage-and-hour matters and have settled over fifty FLSA cases pursuant to *Cheeks v. Freeport Pancake House Inc*.

## 5. The possibility of fraud or collusion.

Both parties are represented by experienced, competent counsel and the parties have maintained a professional relationship throughout the litigation. There is no possibility of fraud or collusion in this settlement.

### Attorneys' Fees

The parties agreed to settle this matter for a global settlement of $80,000.00.

Plaintiff's counsel respectfully requests $1,522.00 for identifiable expenses, which includes: the Eastern District of New York filing fee ($400.00) and the costs of serving the Defendants through their process server, Anke Judicial Services ($390.00), the depositions of Defendants ($717.00), and postage fees ($15.00).

Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($78,478.00), or approximately $26,159.33 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore the total amount to be paid to the attorneys in this matter is $27,681.33

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC,* 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff is requesting attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

However, as Your Honor has requested Plaintiffs' contemporaneous billing records, please see the records attached hereto as Exhibit B. Coincidentally, Plaintiffs' attorneys fees via the lodestar method are almost equal to one-third of the settlement. Plaintiffs' counsel spent a combined 89.5 attorney hours and 22.9 paralegal hours working on this matter from intakes of the clients in 2015 through settlement in July 2018. Plaintiffs' calculations via the lodestar method are $26,972.50. However, Plaintiffs' counsel is still only requesting the Court award the one-third amount of the settlement less expenses, which is approximately $26,159.33.

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

We thank Your Honor for his continued consideration on this matter.

Respectfully submitted,

/s/
Roman Avshalumov, Esq.
James O'Donnell, Esq.
Helen F. Dalton & Associates, PC
*Attorneys for Plaintiffs*
69-12 Austin Street
Forest Hills, NY 11375
Telephone: (718) 263-9591