## SETTLEMENT AGREEMENT AND WAGE AND HOUR RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between ARTURO DANIEL MIRANDA, ALFONSO VERA RODAS, MIGUEL GARCIA, and DANIEL GRANDE NETZAHUATL (hereinafter referred to as "Plaintiffs") and GRACE FARMS, INC. D/B/A CITY CAFÉ, UNAK GROCERY CORP. D/B/A LIBERTY CAFÉ, and VIVEK SINGHAL (hereinafter collectively referred to as "Defendants"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendants.

WHEREAS, Plaintiffs have commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: 16-cv-1369 alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

WHEREAS, Defendants deny that they failed to pay Plaintiffs all wages owed to them;

WHEREAS, Defendants do not admit any violation of law or any liability to Plaintiffs;

WHEREAS, Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

A. Defendants shall cause Plaintiffs to be paid the gross sum of eighty thousand dollars ($80,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. On or before **July 17, 2018**, Defendants shall provide proof of a certified check or bank check held in escrow in the amount of eighty thousand dollars ($80,000.00) payable to "Helen F. Dalton & Associates, P.C., as attorneys for Plaintiffs."

    ii. Upon Court approval of this Agreement, Defendants shall mail the certified check or bank check in the amount $80,000.00 via certified mail within three (3) business days.

    iii. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 69-12 Austin St, Forest Hills, New York, 11375.

    iv. Plaintiffs understand and agree that they are responsible for making and/or paying all of the taxes relating to any and all monies received under this Agreement.

2. **Wage and Hour Release.**

    (a)    In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiffs knowingly and voluntarily release and forever discharge Defendants and Defendants' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, current and former employees agents including Vivek Singhal, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future, acting only in their capacity on behalf of Defendants, (the "Releasees") from any and all claims, causes of action, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes of action known or unknown, suspected or unsuspected, arising out of the allegations set forth in this Action. This Release covers any rights or claims, known or unknown, relating in any way to Plaintiffs' compensation derived from Plaintiffs' employment relationship with the Releasees, or arising under any related statute or regulation including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the New York State Labor Law §§ 1 *et seq.* and all applicable regulations including but not limited to 12 NYCRR 146 *et seq;* the Wage Theft Prevention Act, the New York Equal Pay Law; and all other New York State and Federal Wage and Hour Laws based upon any conduct occurring from the beginning of the world to the date this Agreement is executed.

    (b)    The release and discharge contained in this paragraph 2 shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates, acting only in their capacity on behalf of Defendants.

3. **Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties and each party has given consideration in return for having received consideration due to concessions and good faith bargaining by both Plaintiffs and Defendants as to the terms of the settlement;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors to the extent they deem appropriate and the contents hereof are known to and understood by each of the Parties. It is signed freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

(c) *Covenant Not to Sue:* Plaintiffs hereby covenant and agree not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph three (3) of this Agreement. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement are a party based on any claims that are referred in paragraph two (2) of this Agreement. Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf based on any claims referred to in paragraph two (2) of this Agreement.

(d) *Sufficiency of Consideration:* Plaintiffs expressly understand and agree that the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiffs might be, are now, or may become entitled to receive from Defendants upon any claim asserted in the Action and referenced in paragraph two (2) of this Agreement. Plaintiffs expressly waive any right or claim that they may have, or may assert, in this Action, regarding claims against Defendants for payment of back pay, interest, bonuses, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, life insurance benefits, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiffs' employment with Defendants. Plaintiffs further understand and agree that the payment described herein is over and above any obligations and payment(s) from Defendants to which Plaintiffs may have been entitled. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs referenced in paragraph (1) of this Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over provisions of the Fair Labor Standards Act and the New York Labor Law.

(e) *Separation of Employment*: The employment relationship and/or association between Plaintiffs and Defendants/Releasees has ended unrelated to any federal, state, or municipal statute or any cause of action Plaintiffs have or may have against Defendants/Releasees. It is further understood should Plaintiffs again apply to work at or for Defendants/Releasees in any capacity, Defendants/Releasees, based on this clause, may deny Plaintiffs employment for any position they seek, and said denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be retaliatory in any way.

(f) Plaintiffs freely and knowingly enter into this Agreement and are signing this Agreement voluntarily and not under any duress.

(g) Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiffs may have with any agency of the United States government, subdivision thereof, or any State or Municipal government agency charged with the enforcement of any law. Plaintiffs understand that although they are not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereof, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiffs waive any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiffs or anyone else on Plaintiffs' behalf based on any claims referred to in paragraph two (2) of this Agreement.

(h) As of the date of execution of this Agreement, Plaintiffs and their counsel are unaware of any individual(s) who is ready, willing and able to file a civil action for damages, or otherwise proceed in any manner, against Defendants or Releasees as defined herein, including all related entities/individuals noted in paragraph two (2), for any of the type of claims asserted in the Complaint filed in this Action.

## 4. **Voluntary Dismissal with Prejudice.**

(a) Plaintiffs hereby authorize and direct their attorneys, upon their execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this Action. Such Stipulation shall be filed by counsel for Plaintiffs immediately after court approval of this settlement and receipt of the Settlement Funds.

(b) Plaintiffs hereby authorize and direct their attorneys to dismiss the Action with prejudice.

## 5. **Non-Admission.**

(a) This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiffs or any other individual, or that Plaintiffs have any rights whatsoever against Defendants.

Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiffs on the part of themselves, their officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Complaint in the Action.

(b) All parties acknowledge this Action as being settled to avoid further litigation and its concomitant expense.

6. **Applicable Law.**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York.

7. **Mutual Non-Disparagement**

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of the Parties in the eyes of an ordinary and reasonable person in the community, but will not preclude the Parties from making good faith statements in the context of any judicial, administrative, arbitration, mediation or other legal proceeding. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

8. **Applicable Law and Continuing Jurisdiction**

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of United States District Judge Vernon S. Broderick for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation or implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation of this Agreement and the settlement contemplated thereby.

9. **Severability.**

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

10. **No Other Representations or Agreements.**

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties,

agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement vera among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

**11.   No Modification Except in Writing.**

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

**12.   Execution in Counterpart.**

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**13.   BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

**PLAINTIFFS:**

_____
ARTURO DANIEL MIRANDA
Date: 7/20/18

_____
ALFONSO VERA RODAS
Date: 7/23/18

_____
MIGUEL GARCIA
Date: 7/25/18

*[signature]*
DANIEL GRANDE NETZAHUATL
Date: 7/20/18

**DEFENDANTS:**

GRACE FARMS, INC.

_____
Vivek Singhal, Agent Authorized to sign on Grace Farm, Inc.'s behalf

Date:_____

UNAK GROCERY CORP.

_____
Vivek Singhal, Agent Authorized to sign on Unak Grocery Corp.'s behalf

Date:_____

_____
Vivek Singhal, as an individual

Date:_____

_____
DANIEL GRANDE NETZAHUATL

Date:_____

**DEFENDANTS:**

GRACE FARMS, INC.

_____
Vivek Singhal, Agent Authorized to sign on Grace Farm, Inc.'s behalf

Date: 7/17/18

UNAK GROCERY CORP.

_____
Vivek Singhal, Agent Authorized to sign on Unak Grocery Corp.'s behalf

Date: 7/16/18

_____
Vivek Singhal, as an individual

Date: 7/16/18