UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                              :

ARTURO DANIEL MIRANDA, ALFONSO  :
VERA RODAS, MIGUEL GARCIA, and    :
DANIEL GRANDE NETZAHUATL,       :                   **<u>ORDER</u>**
                              :

               Plaintiffs,   :

                              :

          -v-                   :

                              :

GRACE FARMS, INC. d/b/a City Café,   :      16-CV-1369 (VSB)
UNAK GROCERY CORP. *Individually and* :
*d/b/a* LIBERTY CAFÉ, RAJNI SINGHAL, :
and VIVEK SINGHAL,               :
                              :

              Defendants.  :

                              :
------------------------------------------------------:
                              :

AYDE MENA AMARO, ENRIQUE      :
SANCHEZ VIELMA, IRVING RAMOS   :
FRANCO, MIGUEL RIVERA, and PAULINO:
RAMALES BRAVO (a.k.a PAUL        :
ESTRADA),                     :
                              :      16-CV-7704 (VSB)
               Plaintiffs,   :

                              :

          -v-                   :

                              :

UNAK GROCERY CORP. (d/b/a Liberty  :
Cafe), LIBERTY FOOD & GROCERY   :
CORP. INC. (d/b/a Liberty Cafe), GRACE:
FARMS, INC. (d/b/a City Cafe), VIVEK :
SINGHAL, and RAJNI SINGHAL     :
                              :
              Defendants.  :
------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Currently before me are the Notice of Plaintiffs' Acceptance of Defendants' Offers of

Judgement Pursuant to F.R.C.P. Rule 68, ("Offers of Judgment"), and Proposed Form of

Judgment, (together the "Rule 68 Filings"), filed by the Amaro Plaintiffs,[1] (16-cv-7704, Docs. 99, 100), and the Miranda Plaintiffs, (16-cv-1369, Docs. 123, 124)[2].  Although I would likely reach a different result under *Cheeks v. Freeport Pancake House, Inc,* 796 F.3d 199 (2d Cir. 2015), concerning the terms of the parties' offer and acceptance of judgment, the Second Circuit's subsequent decision *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395 (2d Cir. 2019) compels me to sign the proposed judgment.

On July 26, 2018, after informing me at a status conference that they had reached a settlement agreement, the parties filed two separate letters attaching two separate proposed settlement agreements for the Amaro and Miranda parties.  (Docs. 93, 94.)[3]  I rejected these proposed agreements due to the inclusion of an overbroad release.  The Amaro parties submitted a second proposed settlement agreement, (Doc. 101), which I rejected because I found that the provision regarding the release of claims was overbroad, (Doc. 104).  The Miranda parties and the Amaro parties filed revised settlement agreements on December 22, 2020, (Doc. 105), which I rejected for a third time because they were not fair and reasonable, (Doc. 108).  I advised the parties that they had forty-five days to file revised settlement agreements and supporting letters. (*Id.*)  Following my rejection of the parties' third proposed settlement agreement, I granted Defense counsel's motion to withdraw and gave the Defendants thirty days to retain new counsel.  (Doc. 110.)

On July 19, 2022, following multiple denials of proposed settlement agreements and no new notice of appearance on behalf of Defendants, I ordered Defendants to retain counsel and the parties to file any revised settlement agreements and new letters explaining why the revised

---

[1] "Amaro Plaintiffs" refers to the plaintiffs in 1:16-cv-07704-VSB and "Miranda Plaintiffs" refers to the plaintiffs in 1:16-cv-01369-VSB.
[2] The Miranda Plaintiffs' initial filings, (Docs. 120,121), were flagged as deficient by the Clerk's Office.
[3] Docket references are to 1:16-cv-01369-VSB unless otherwise stated.  (*See* Doc. 35.)

settlement agreements are fair and reasonable by August 15, 2022.  (Doc. 112.)  After failing to comply with my order, I directed the parties to attend a status conference on August 26, 2022. (Doc. 113.)  Following that conference, I ordered the parties to submit their revised settlement agreements by October 10, 2022.  (Doc. 115.)  Once again, the parties failed to comply, and I ordered the parties to submit their revised settlement agreements by October 24, 2022.  (Doc. 116.)  On October 24, 2022, the Defendants filed a Notice of Acceptance and Proposed Judgement in 1:16-cv-07704-VSB.[4]  (Docs. 99–100.)  The following day, one day after the deadline to submit the revised settlement agreements, the *Miranda* Plaintiffs requested an extension to file their revised settlement agreement by November 8, 2022.  (Doc. 117.)  I granted this request, (Doc. 118), but again, the parties failed to comply with my order.  On November 17, 2022, I ordered the Plaintiffs to submit any revised settlements by November 22, 2022 and warned that I would construe any failure to do so as an abandonment of the parties' settlement. (Doc. 119.)  The Miranda Plaintiffs submitted their Rule 68 Filings on November 22, 2022. (Docs. 120, 121.)

The Offer of Judgment accepted by the Amaro Plaintiffs is "in the total gross amount of Two Hundred Five Thousand Dollars inclusive of all attorney's fees, costs and expenses incurred by Plaintiff in prosecuting the Subject Complaint" and "inclusive of all claims of whatever nature (i.e., New York State Labor Law, Fair Labor Standards Act, Portal to Portal Act, etc.) for all damages, including but not limited to, unpaid wages and pre-judgment interest, including Plaintiffs' attorney's fees."  (Doc. 99-1 at 1.)  The Offer indicates that Plaintiffs "will be releasing all above Defendants from any liability for any wage based (e.g., Fair Labor Standards

---

[4] Despite consolidating these cases, (Doc. 35), and informing the parties that I intended to consider any agreements from the parties in tandem, (*see* 1:16-cv-07704-VSB, Doc. 72), the Amaro Plaintiffs' Rule 68 filings were only filed in 1:16-cv-07704-VSB.

Act) or Article 6, §190 et seq., New York Labor Law claim." (*Id.*)  The Offer of Judgment accepted by the Miranda Plaintiffs is "in the total gross amount of Seventy Five Thousand Dollars inclusive of all attorney's fees, costs and expenses incurred by Plaintiff in prosecuting the Subject Complaint" and includes the same inclusionary language and release as the Amaro Offer of Judgment.  (Doc. 123-1 at 1; *see* Doc. 99-1 at 1–2.)

The fact that the Offers of Judgment were made after three failed attempts to demonstrate a fair and reasonable settlement under *Cheeks* raises the specter that the parties are utilizing Rule 68(a) to circumvent the protections afforded by *Cheeks* in recognition that FLSA is a "uniquely protective statute."  *Cheeks*, 796 F.3d at 207.  In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit determined that Fair Labor Standards Act ("FLSA") settlements have "unique policy considerations" such that they must "require the approval of the district court or the [Department of Labor] to take effect."  796 F.3d at 206.  More recently, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims."  *Mei Xing Yu,* 944 F.3d at 414.  In light of this unqualified language, I find that *Mei Xing Yu* compels the result here that I must enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment.

However, I note that the result here appears inconsistent with the Second Circuit's holding in *Cheeks* and that, absent further clarity from the Second Circuit or legislative action, the holding in *Mei Xing Yu* threatens to dramatically curtail the purpose behind the *Cheeks* decision—to protect workers' wages.  The rule announced in *Mei Xing Yu* will allow parties to "use Rule 68(a) as an 'end run' to accomplish what *Cheeks* forbade."  *Mei Xing Yu*, 944 F.3d at 425–26 (Calabresi, J., dissenting).  "As the Second Circuit recognized in *Cheeks*, abuse is clearly evident even in FLSA cases involving offers of judgment under Rule 68."  *De Jesus Torres v.*

4

*HWF Realty Mgmt., Inc.*, No. 18 CIV. 994 (PAC), 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020).  Under *Mei Xing Yu*, district courts, "faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, [are] forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68."  *Id.*  This newfound ability for parties to submit broad and unreasonable terms and evade *Cheeks* review certainly "conflicts with the spirit of" the Second Circuit's holding in *Cheeks*, which is designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656 (VSB), 2016 U.S. Dist. LEXIS 189293, at *2 n.1 (S.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted).

Here, the parties include terms and conditions in their Offers of Judgment that I would likely deem unreasonable in a settlement agreement submitted pursuant to *Cheeks*.  For example, the Offers of Judgment set forth judgment amounts inclusive of all attorneys' fees, costs and expenses incurred by Plaintiff in prosecuting the complaint, but they do not indicate how much of that amount will be paid in attorneys' fees or costs; therefore, making it impossible to ascertain whether the attorneys' fees are reasonable.  In my most recent rejection of the parties' proposed settlement, I raised this very issue, noting that "the Miranda Plaintiffs' counsel have not supplied the necessary information for me to assess what the percentage would be, nor have they argued why such a recovery would be fair and reasonable . . . . Without more transparency into the maximum possible recovery, I cannot find either settlement fair or reasonable."  (Doc. 108 at 8–9.)  Thus, this term is incompatible with what I would consider a reasonable FLSA settlement under a typical *Cheeks* approval process.  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("[I]f attorneys' fees and costs are provided for in the settlement, district

courts will also evaluate the reasonableness of the fees and costs"); *see also id*. ("[t]he fee applicant must submit adequate documentation supporting the [request]").

However, I find *Mei Xing Yu* compels me to sign the Amaro Plaintiffs' and Miranda Plaintiffs' proposed judgments in contravention to the result I would likely reach under *Cheeks* regarding the terms of the parties' Offers of Judgment.  Therefore, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

ORDERED that judgment be entered in accordance with the parties' Rule 68 filings. (Docs. 99, 100[5] and Docs. 123, 124[6].)  The parties' proposed judgments will be filed simultaneously with this Order.

SO ORDERED.

Dated: January 3, 2024
    New York, New York

Vernon S. Broderick
United States District Judge

---

[5] 1:16-cv-07704-VSB
[6] 1:16-cv-01369-VSB